UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00142-MR

| | | |
|---|---|---|
| EDDRICCO L. BROWN-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MECKLENBURG COUNTY HEALTH DEPARTMENT-VITAL RECORDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], and Plaintiff's motion to proceed in forma pauperis [Doc. 2].

**I.   BACKGROUND**

Pro se Plaintiff Eddricco L. Brown-Bey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. He filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 – and many other provisions of law – on April 4, 2022. [Doc. 1]. Plaintiff names Mecklenburg County Health Department-Vital Records and the State of North Carolina Department of Health and Human Services-Vital Records as Defendants. [Id.]. Plaintiff has moved to

proceed in this matter in forma pauperis. [Doc. 2]. Briefly, Plaintiff asserts that his Birth Certificate is fraudulent and subjects him to "denationalization" and "mental slavery" by identifying him as "Black," rather than "Cherokee/Aborigine Moor." [Doc. 1 at 5-6]. For relief, Plaintiff seeks to be recognized as a Cherokee/Aborigine Moor, $50,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages. [Id. at 21].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). Plaintiff mistakenly asserts that "28 U.S.C. § 1915(g) does not apply to [him]." [Doc. 1 at 22].

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Brown-Bey v. North Carolina, 5:17-ct-3253-D, 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (§ 1983 action dismissed for failure to state a claim); Brown-Bey v. Hooks, 3:18-cv-460-FDW, 2018 WL 4620617 (W.D.N.C. Sept. 26, 2018) (§ 1983 action dismissed as frivolous); Brown-Bey v. Hooks, 1:18-cv-15-FDW, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018) (same). See also Brown-Bey v. North Carolina, 3:19-cv-188-FDW, 2019 WL 6717045 (W.D.N.C. Dec. 10, 2019) (§ 1983 action dismissed pursuant to § 1915(g)); Brown-Bey v. N.C. Dep't of Health and Human Servs., 3:21-cv-413-MR, 2021 WL 5043987 (W.D.N.C. Oct. 29, 2021) (same); Brown-Bey v. North Carolina, 1:22-cv-27-MR, 2022 WL 902746 (W.D.N.C. Mar. 28, 2022) (same).

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court, therefore, will dismiss Plaintiff's Complaint.

### III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Plaintiff's Application to

3

Case 3:22-cv-00142-MR Document 5 Filed 04/11/22 Page 3 of 4

Proceed in District Court Without Prepaying Fees or Costs is denied, and the Order for Prisoner Trust Account Statement is vacated as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED** and the Order for Prisoner Trust Account Statement [Doc. 4] is **VACATED** as moot.

The Clerk of Court is instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge